[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12575
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20115-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORIO DOMINGUEZ VASQUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gregorio Dominguez Vasquez was sentenced to 46 months' imprisonment after he pled guilty to one count of smuggling firearms outside the United States, in violation of 18 U.S.C. § 554(a). On appeal, Vasquez argues that the district court erred by imposing a procedurally and substantively unreasonable sentence. After careful review, we affirm.

## I.    BACKGROUND

During routine inspections of cargo containers at the Port of Puerto Plata, Dominican Republic, agents of the Dominican Republic Ministry of Defense and Dominican Customs discovered six semiautomatic pistols with ammunition inside a 55-gallon drum within a cargo container. Agents seized the firearms and cargo container for further investigation. Joint investigation between Dominican authorities and U.S. Homeland Security agents revealed that the shipment including the 55-gallon drum located within the container belonged to Vasquez. After verifying the serial numbers from the seized weapons, law enforcement discovered that Vasquez had recently purchased the weapons from several gun shops in the Southern District of Florida. Upon being apprehended, Vasquez admitted his participation in a weapons smuggling scheme and indicated he also had smuggled weapons previously for monetary gain. Vasquez pled guilty to one count of exportation of a firearm, in violation of 18 U.S.C. § 554(a), pursuant to a plea agreement.

2

In preparing the Presentence Investigation Report ("PSI"), a probation officer calculated a base offense level of 26 because more than two weapons were involved. *See* U.S.S.G. § 2M5.2(a)(1). The probation officer credited Vasquez with a three-level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1, resulting in a total offense level of 23. Vasquez had no criminal history, resulting in a criminal history category of I. His calculated guidelines range was 46 to 57 months of imprisonment. At sentencing, Vasquez objected to the use of § 2M5.2 to set his base offense level. The district court overruled his objection and adopted the calculation set forth in the PSI. After considering the Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Vasquez to 46 months' imprisonment. Vasquez objected to the substantive reasonableness of his sentence—an objection the district court overruled.

This is Vasquez's appeal.

## II.    STANDARDS OF REVIEW

We review legal interpretations of the Sentencing Guidelines *de novo*. *United States v. Maddox,* 803 F.3d 1215, 1220 (11th Cir. 2015). We review the reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any

3

significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in the light of the record and the relevant factors. *Id.*

Our examination of the totality of the circumstances includes an inquiry into whether the § 3553(a) factors support the sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).[1] A court abuses its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Although generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189 (internal quotation marks omitted).

---

[1] The factors delineated in 18 U.S.C. § 3553(a) include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(5).

Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015). That a sentence falls at the low end of the guidelines range and well below the statutory maximum are two indications of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

### III.    DISCUSSION

Vasquez contends that his sentence is both procedurally and substantively unreasonable. We address his arguments in turn.

### A.    Procedural Reasonableness

Vasquez argues that his sentence is procedurally unreasonable in two ways. First, he argues, the district court incorrectly applied the Sentencing Guidelines to his offense. Second, he says, the district court failed to apply a downward departure under the guidelines commentary.

Vasquez first argues that the district court should have used § 2K2.1 instead of § 2M5.2 because it reflects his offense conduct more accurately. We disagree. A district court must determine which offense guideline covers the offense of conviction. *United States v. Belfast*, 611 F.3d 783, 824 (11th Cir. 2010); U.S.S.G. § 1B1.2(a). The district court identifies the appropriate offense guideline using the Statutory Index for the offense of conviction. *Belfast*, 611 F.3d at 824; U.S.S.G.

§ 1B1.2(a). When a criminal statute has more than one corresponding guideline, the district court applies the guideline most appropriate for the conduct for which the defendant was convicted and then determines the appropriate guidelines range. *See Belfast*, 611 F.3d at 824.

The Sentencing Guidelines Manual lists four corresponding guidelines for a conviction under 18 U.S.C. § 554(a): § 2B1.5, § 2M5.1, § 2M5.2, and § 2Q2.1. *See* U.S.S.G. app. A. One of these, § 2M5.2, applies to the exportation of firearms, ammunition, or military equipment without a valid export license. In contrast, § 2K2.1—which applies to the unlawful receipt, possession, or transportation of firearms or ammunition, or prohibited transactions involving firearms or ammunition—is not listed in the Statutory Index for a violation of 18 U.S.C. § 554(a). *See* U.S.S.G. § 2K2.1. Thus, under the plain text of the guidelines, the district court did not err when it applied § 2M5.2 rather than § 2K2.1.[2]

Second, Vasquez argues that the district court erred in failing to consider a departure under the guidelines commentary. We are without jurisdiction to consider his argument. Application note 1 of § 2M5.2 states, "[t]he base offense level assumes that the offense conduct was harmful or had the potential to be harmful to a security or foreign policy interest of the United States. In the unusual case where the offense conduct posed no such risk, a downward departure may be

---

[2] Vasquez does not argue that the district court should have applied § 2B1.5, § 2M5.1, or § 2Q2.1.

6

warranted." *See* U.S.S.G. § 2M5.2 cmt. n.1.  In other words, the district court had discretion to determine whether a downward departure was warranted.  We lack jurisdiction to review a district court's refusal to grant a discretionary downward departure unless the district court incorrectly believed that it did not have the statutory authority to depart.  *See United States v. Norris*, 452 F.3d 1275, 1282 (11th Cir. 2006).  Barring an indication in the record to the contrary, we assume that the district court understood it had the authority to apply a downward departure.  *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).

Here we need not assume because the record makes clear that the district court understood it had the authority to grant a downward departure.  The district court stated, "I understand that the Court has the discretion to depart downward or to vary.  I choose not to do so.  I think it's not appropriate under the circumstances, and the guidelines correctly reflect the seriousness of the harm, which is one of the 3553 factors."  Sentencing Hr'g Tr. at 7 (Doc. 49).[3]  We thus lack jurisdiction to consider the merits of whether a downward departure would have been appropriate under application note 1 of § 2M5.2.

## B.    Substantive Reasonableness

Vasquez argues that his sentence is substantively unreasonable because it failed to meet the mandates of 18 U.S.C. § 3553(a).

---

[3] "Doc. #" refers to the numbered entries on the district court's docket.

After examining the totality of the circumstances and the § 3553(a) factors, Vasquez has failed to demonstrate that his sentence is unreasonable. *See Gonzalez*, 550 F.3d at 1324. Although Vasquez had a criminal history category of I, he confessed to previous participation in smuggling weapons for monetary gain. Although Vasquez argues that the district court did not give enough weight to § 3553(a)(1), we do not find any abuse of discretion.[4] The district court determined that general and specific deterrence was necessary. Vasquez's sentence was at the bottom of the advisory guidelines range and well below the statutory maximum of 10 years—factors that counsel in favor of its reasonableness. We therefore conclude the district court committed no substantive error.

## IV.    CONCLUSION

Vasquez has failed to demonstrate that his sentence is procedurally or substantively unreasonable. We affirm the sentence the district court imposed.

**AFFIRMED.**

---

[4] Section 3553(a)(1) refers to the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).